IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALTZ ASSOCIATES, LP, | No C 08-4626 VRW |
| Plaintiff, | ORDER |
| v | |
| HEWITT ASSOCIATES, LLC and DOES 1 through 10, | |
| Defendants. | |

Plaintiff Maltz Associates, LP ("Maltz") filed this action in state court alleging breach of contract and common counts. Doc # 1 at 11-12. On November 8, 2008, defendants removed the action to federal court under 28 USC sections 1332 and 1441(b). Id at 2.

//

//

The federal court is a creature of limited jurisdiction. See <u>Bender v Williamsport Area School District</u>, 475 US 534 (1986); <u>Gould v Mutual Life Ins Co of New York</u>, 790 F2d 769, 774 (9th Cir 1986). Courts are required to raise issues related to federal subject matter or removal jurisdiction sua sponte. 28 USC § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); <u>Steel Co, *aka* Chicago Steel & Pickling Co v Citizens for a Better Environment</u>, 523 US 83, 93-94 (1998).

In determining whether removal jurisdiction is proper, "the burden of establishing federal jurisdiction falls on the party invoking removal." <u>Harris v Provident Life and Accident Ins Co</u>, 26 F3d 930 (9th Cir 1994) (citation omitted). To meet this burden, a defendant must overcome a "strong presumption" against removal. <u>Gaus v Miles, Inc</u>, 980 F2d 564, 566 (9th Cir 1992). Courts "strictly construe the removal statute against removal jurisdiction[, and] federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. See also <u>Plute v Roadway Package Sys, Inc</u>, 141 F Supp 2d 1005, 1008 (ND Cal 2001) ("any doubt is resolved in favor of remand").

While defendants submitted a form civil cover sheet (doc # 1 at 1) that indicates "PTF" is "Incorporated or Principal Place of Business is This State" and "DEF" is "Incorporated and Principal Place of Business in Another State," these are standards for a case involving diversity of two corporations, not for one involving a limited partnership and a limited liability company.

The designation of the plaintiff as "Maltz Associates, LP" indicates that it is a limited partnership. The citizenship of

2

a limited partnership for the purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. <u>Carden v Arkoma Associates</u>, 494 US 185, 195-97 (1990). Plaintiff's complaint does not state the citizenship of Maltz or its members; nor does defendants' notice of removal. If Maltz is a limited partnership, defendants must allege the citizenship of its members.

    Defendants are therefore ORDERED to SHOW CAUSE in writing on or before October 14, 2009, why the case should not be remanded to state court when it appears defendants' notice of removal and plaintiff's complaint do not state complete diversity of citizenship. Plaintiff may submit a position on the issue no later than October 14, 2009. The court will hear the matter during the hearing regarding defendants' motion for summary judgment previously scheduled for October 15, 2009.

    IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge